**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**

**IN RE:**

**KATHRYN M LACNY** **CASE NO. 07-50184**
**FRED LACNY**

**DEBTORS**

**AND**

**IN RE:**

**DOUG MCINTOSH** **CASE NO. 07-50385**
**MARTHA MCINTOSH**

**DEBTORS**

**AND**

**IN RE:**

**MICHAEL CROLEY** **CASE NO. 07-50537**

**DEBTOR**

**AND**

**IN RE:**

**GEORGE NOBLE** **CASE NO. 07-50859**
**RESA NOBLE**

**DEBTORS**

**AND**

**IN RE:**

**JENNY L. BUCK** **CASE NO. 07-50898**

**DEBTOR**

MEMORANDUM AND OPINION REGARDING WHAT EXPENSES ARE INCLUDED ON SCHEDULE J.

The above referenced cases, *In re Lacny*, 07-50184; *In re McIntosh*, 07-50385; *In re Croley*, 07-50537; *In re Noble*, 07-50859 and *In re Buck*, 07-50898 (collectively, the "Debtors") have been consolidated solely for the purposes of determining what expenses a debtor should show on Schedule J in order to determine projected disposable income per the *Riggs* decisions. Although the issue to be briefed was limited solely to the issue regarding Schedule J, this dispute between the Debtors and the Chapter 13 Trustee (the "Trustee") contains many other issues found in a Chapter 13 case including the reasonableness and necessity of expenses and the ability of a Debtor to fund a Chapter 13 plan payment.

For the reasons set forth below the Court has determined when calculating Schedule J the Debtors shall include expenses that accurately portray the Debtors situation after making an effort to reduce said expenses.

**Expenses that accurately represent the Debtors situation after the Debtors make an effort to reduce expenses should be used on Schedule J.**

The Debtors contend that Schedule J should reflect "actual" expenses for purposes of determining projected disposable income. The Trustee argues that Schedule J should include "anticipated" expenses. The semantics played by opposing parties is irrelevant to determining what information is included on Schedule J.

Earlier this year this court held in *In re Riggs*, 359 B.R. 649 (Bankr. E.D. Ky. 2007) (Howard, J.) that projected disposable income was a forward looking concept that could be determined only by reference to Schedules I and J. Determining that "actual" or "anticipated" expenses should be used on Schedule J fails to recognize the true issue involved. Regardless of the label attached to the expenses on Schedule J, the expenses must be "reasonably necessary." *See In re Gleason*, 267 B.R. 630, 633 (Bankr. N.D. Iowa 2001) (While debtors are not required to adopt a totally spartan existence; neither are they permitted to continue an extravagant lifestyle at the expense of creditors).

The real question in the present cases is (1) Whether the expenses listed on Schedule J are reasonably necessary; and (2) whether the Debtors will be able to make the confirmed plan payments.

**Reasonably necessary expenses**

Projected disposable income is income "not reasonably necessary…for the maintenance or support of the debtor or a dependent of the debtor." KEITH M. LUNDIN, CHAPTER 13 BANKRUPTCY, 3d ED., § 165 at p. 1 (2000 & Supp. 2004) (quoting 11 U.S.C. §1325(b)(2)(A)). While there is no "bright line rule" for determining what constitutes a "reasonably necessary expense", 5A Bankr. Service L. Ed. 50:480, the determination is a question of fact resolved by reviewing the situation of the Debtors and their dependents. LUNDIN, supra, §165 at p. 1. "Reasonably necessary" indicates that the Debtors should not attempt to retain their status in society or their former lifestyle that drove them into bankruptcy. *Id.* at p. 6-8.

While the court will not review each Debtors expenses at this point, it is obvious that there are many expenses on the respective Schedule J's that are not "reasonable" or "necessary." One example is in the case of *In re Lacny*, where the Debtors propose spending $1,546.24 in expenses incurred while performing duties as a Realtor, however, this activity produces only $716.57 a month in income. A job that creates a monthly loss of $829.67 should be abandoned. Many other Debtors include expenses that seem inflated and unreasonable for a debtor in bankruptcy. It appears to the Court that the Debtors have exaggerated their expenses in an attempt to minimize disposable income and, therefore, payment to unsecured creditors.[1] Debtors would be well advised to review their Schedule J to ensure that the expenses are reasonable and necessary. Furthermore, the Debtors should ensure that the schedules are complete and accurate so that the Trustee and Court are not forced to spend excessive resources deciphering the schedules.

**Ability to fund plan payment**

11 U.S.C. §1325(a)(6) requires that the Debtors will be able to make all payments under the plan and to comply with the plan. The schedules of all five Debtors show a negative monthly net income. However, it is unexplained how the Debtors propose making at least a small monthly plan payment when they live "in the hole" by hundreds of dollars each month. It is axiomatic that either the Schedules are incorrect or the

[1] For example, several debtors who are making payments on automobile loans or 401K loans are reluctant to increase their plan payment when these debts have been paid in full.

Debtors will be unable to fund a plan payment and must be precluded from a Chapter 13. 11 U.S.C. § 1325(a)(6); *See In re Hogue*, 78 B.R. 867, 871 (Bankr. S.D. Ohio 1987) (If a debtor cannot maintain a level or positive cash flow, then that individual's financial problems are probably more than a Chapter 13 can handle). In order for the Debtors to benefit from the protection of bankruptcy and receive a discharge the Court must receive all details of the Debtors financial situation, including how they will fund a plan payment.

As Judge Lundin stated in his treatise, "great care and complete honesty in the presentation of income and expense information are standards against which debtors and their lawyers will be measured." Debtors' attorney must be sure to avoid "(mis)treating the budget in Chapter 13 cases as a process of fitting estimated (made up?) numbers into categories required by form." LUNDIN, supra, §165 at p. 16. The appearance of identical amounts for the same expenses in multiple cases involving the same counsel will adversely affect each debtor's ability to show that said expenses are reasonable and necessary.

IT IS HEREBY ORDERED, ADJUGED, AND DECREED that:

1. Confirmation of each of the Debtor's plans is denied;

2. The Debtors must amend their schedules as discussed in this opinion;

3. Debtors must include only those expenses that are reasonable and necessary on their Schedule J;

4. The Debtors have 15 days to amend their Schedule I and J to include only expenses that are reasonable and necessary and to show how Debtors have sufficient monthly income to support a plan payment; and

5. The Trustee has 15 days after the Debtors submit their amended Schedules to challenge the expenses on whether those grounds are reasonably necessary, or other grounds as the Trustee deems necessary.

COPIES TO:
Beverly M. Burden, Esq.
J.D. Kermode, Esq.



~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

***The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.***




**Signed By:**
***William S. Howard***
**Bankruptcy Judge**
**Dated: Thursday, October 25, 2007**
**(jms)**
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~